UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:25-CR-64-KAC-DCP |
| RHONDELL GROGAN, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Rhondell Grogan's Motion to Continue Trial and Related Dates [Doc. 20], filed on December 23, 2025, and asking to continue his January 27, 2026 trial date.[1]

Defendant asks the Court to continue the plea deadline and trial date because defense counsel needs additional time to prepare the case for trial despite reasonable diligence [*Id*. at 1]. The motion relates that the parties are engaged in plea negotiations and defense counsel requires more time to confer with Defendant, who is detained in Laurel County, Kentucky, on the terms and circumstances of a proposed agreement [*Id*.]. Defendant asserts that time is also needed to consult with counsel on lingering issues in the case [*Id*.]. The motion relates that Defendant understands that all time between the filing of the motion and a new trial date will be excludable for speedy trial purposes [*Id*.]. The Government has no objection to the requested relief [*Id.* at 2].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

---

[1] Defendant Grogan also has a revocation hearing in case number 3:11-CR-75 on January 27, 2026, but has not moved to continue the revocation hearing.

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for counsel's exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs more time to advise Defendant on a potential plea agreement, and if plea negotiations are unfruitful, to prepare the case for trial. The Court finds that all of this cannot occur before the January 27, 2026 trial date.

The Court therefore **GRANTS** Defendant Rhondell Grogan's Motion to Continue Trial and Related Dates [**Doc. 20**]. The trial is reset to **April 7, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motions on December 23, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial and Related Dates [**Doc. 20**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 7, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 23, 2025**, and the new trial date of **April 7, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 6, 2026**;

(5) the deadline for filing motions *in limine* is **March 23, 2026**. Responses to motions *in limine* are due on or before **March 31, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 24, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 27, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge